■ JOY LaFOND et al., Respondents, v CITY OF NEW YORK et al., Appellants. [666 NYS2d 7] —In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schnier, J.), dated December 6, 1996, as granted that branch of the plaintiffs' cross motion which was for partial

summary judgment on the issue of liability, and dismissed the counterclaim against the plaintiff Joy LaFond.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiffs' cross motion which was for partial summary judgment is denied, and the counterclaim is reinstated.

On September 11, 1993, a sanitation truck operated by the defendant Hervin S. Gayle struck the rear end of the vehicle operated by plaintiff Joy LaFond. The LaFond vehicle had stopped suddenly because of a disabled and abandoned vehicle in the road. In a police accident report Gayle stated that he was unable to avoid the collision because the LaFond vehicle stopped suddenly on a blind curve.

Proof of a rear-end collision with a stopped vehicle establishes a prima facie case of liability on the part of the moving vehicle and imposes a duty of explanation on the part of the driver of the moving vehicle (*see, Gladstone v Hachuel,* 225 AD2d 730; *Barile v Lazzarini,* 222 AD2d 635; *Leal v Wolff,* 224 AD2d 392). However, under the particular circumstances of this case, there exist triable issues of fact concerning the reasonableness of Gayle's conduct (*see, Barber v Young,* 238 AD2d 822; *Varsi v Stoll,* 161 AD2d 590; *Rios v Nicoletta,* 119 AD2d 562; *Pescetti v Mastrodominico,* 79 AD2d 970, *affd* 54 NY2d 633). Rosenblatt, J. P., O'Brien, Thompson, Friedmann and Goldstein, JJ., concur.