■ KEVIN HURLEY, Plaintiff, v DEBRA A. IZZO et al., Defendants. (Action No. 1.) KEVIN HURLEY, Plaintiff, v ROBERT FEUER et al., Defendants. (And a Third-Party Action.) (Action No. 2.) KATHY ROVETINI et al., Plaintiffs, v RENE N. CLIFFORD et al., Defendants. (Action No. 3.) ABE BRESSLER et al., Appellants, v ROBERT FEUER et al., Appellants, and FRANK R. BLOUNT et al.,

Respondents. (Action No. 4.) FRANK R. BLOUNT et al., Plaintiffs, v ROBERT FEUER et al., Defendants. (Action No. 5.) [670 NYS2d 575] —In five related actions to recover damages for personal injuries, etc., allegedly sustained in a multi-vehicle accident, (1) the plaintiffs in Action No. 4, Abe Bressler and Audrey Bressler, appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Segal, J.), dated March 5, 1997, as granted that branch of the motion of the defendants in Action No. 4, Frank Richard Blount and Debra Ann Izzo, which was for summary judgment dismissing the complaint insofar as asserted against them, and (2) the defendants in Action No. 4, Robert Feuer and Zip Limousine Services, Ltd., separately appeal, as limited by their brief, from so much of the same order as granted that branch of the motion of the defendants in Action No. 4, Frank Richard Blount and Debra Ann Izzo, which was to dismiss all cross claims insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, with one bill of costs, and the motion of the defendants Frank Richard Blount and Debra Ann Izzo for summary judgment dismissing the complaint and all cross claims against them in Action No. 4 is denied.

The related actions involve claims to recover damages for personal injuries, etc., sustained in a multi-vehicle collision which occurred on September 1, 1993, on the Long Island Expressway in Queens. A van driven by the defendant Frank Richard Blount and owned by the defendant Debra Ann Izzo was struck in the rear by a limousine driven by the defendant Robert Feuer and owned by the defendant Zip Limousine Services, Ltd. (hereinafter Zip). The plaintiffs in Action No. 4, Abe Bressler and Audrey Bressler, were passengers in the limousine. The Supreme Court granted the motion of the defendants Blount and Izzo for summary judgment dismissing the complaint and all cross claims against them in Action No. 4. We reverse.

A rear-end collision with a stopped automobile creates a prima facie case of liability with respect to the operator of the moving vehicle, imposing a duty of explanation on the operator (*see, Gambino v City of New York*, 205 AD2d 583; *Starace v Inner Circle Qonexions*, 198 AD2d 493; *Edney v Metropolitan Suburban Bus Auth.*, 178 AD2d 398; *Benyarko v Avis Rent A Car Sys.*, 162 AD2d 572). The operator of the moving vehicle must rebut the inference of negligence created by the rear-end collision (*see, Pfaffenback v White Plains Express Corp.*, 17 NY2d 132), since he or she is in a better position to explain the

cause of the collision, whether by a mechanical failure, a sudden stop of the vehicle ahead, an unavoidable skidding on wet pavement, or any other reasonable cause (see, Carter v Castle Elec. Contr. Co., 26 AD2d 83). If the operator cannot come forward with any evidence to rebut the inference of negligence, the plaintiff may be properly awarded judgment as a matter of law (see, Starace v Inner Circle Qonexions, supra, at 493; Young v City of New York, 113 AD2d 833).

It is undisputed that Feuer's limousine struck Blount's van in the rear. Thus, the requisite prima facie case of negligence has been established. The key question is whether Feuer and Zip adequately rebutted the inference of negligence by presenting sufficient evidence that Blount's conduct was negligent and played a part in causing the collision.

Sufficient evidence was submitted to raise questions of fact regarding, inter alia, whether Blount's brake lights were illuminated at the time of the accident, whether his vehicle came to a sudden stop without warning, and whether Blount was negligent in following the vehicle in front of him too closely, to rebut the inference of negligence on the part of the Feuer limousine. Bracken, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.