■ TERESA L. MASCITTI et al., Appellants, v LESTER B. GREENE, Respondent. [673 NYS2d 206] —In an action to recover damages for personal injuries, (1) the plaintiff Eileen Smith appeals from so much of an order of the Supreme Court, Nassau County (Franco, J.), dated August 19, 1997, as denied her motion for summary judgment dismissing the defendant's counterclaim against her, and (2) the plaintiffs Teresa L. Mascitti and Eileen Smith separately appeal from so much of the same order as denied their cross motion for partial summary judgment on the issue of the defendant's liability on the complaint.

Ordered that the appeal of the plaintiffs Teresa L. Mascitti and Eileen Smith from so much of the order as denied their cross motion for partial summary judgment on the issue of the defendant's liability on the complaint is dismissed for failure to perfect the same in accordance with the rules of this Court (*see,* 22 NYCRR 670.8 [a], [e]); and it is further,

Ordered that on the appeal of the plaintiff Eileen Smith from so much of the order as denied her motion for summary judgment dismissing the defendant's counterclaim against her, the order is reversed insofar as appealed from, on the law, that motion is granted, and the counterclaim is dismissed; and it is further,

Ordered that the plaintiff Eileen Smith is awarded one bill of costs.

The vehicle owned and operated by the defendant, Lester B. Greene, struck the rear of the vehicle owned by the plaintiff Teresa L. Mascitti and operated by the plaintiff Eileen Smith after the latter vehicle came to an abrupt stop in heavy, slow-moving traffic on the Long Island Expressway. Mascitti and Smith commenced this action against Greene and he counter-

claimed against Smith. Mascitti and Smith, in their capacity as plaintiffs, were represented by a firm of attorneys, and Smith was separately represented by a different attorney in defense of the counterclaim. The attorney representing Smith on the counterclaim moved for summary judgment dismissing the counterclaim and the attorneys representing Smith and Mascitti as plaintiffs cross-moved for partial summary judgment against Greene on the issue of his liability on the complaint. The Supreme Court denied the motion and cross motion and two notices of appeal were served and filed; one on behalf of Smith only, limited to the denial of her motion, and one on behalf of both Mascitti and Smith, limited to the denial of their cross motion.

Although a joint record was filed on behalf of Mascitti and Smith in which both notices of appeal were reproduced, the only brief filed on behalf of Smith was one by the attorney representing her on the counterclaim, which brief was specifically denominated as one "for appellant on the counterclaim". Thus, only the appeal taken by Smith which was limited to the denial of her motion for summary judgment dismissing the counterclaim was perfected (*see,* 22 NYCRR 670.2 [a] [4]). The failure to perfect the appeal taken from the portion of the order denying the plaintiffs' cross motion by the filing of a brief with respect thereto requires the dismissal of that appeal.

Turning to the merits, it is well established that a rear-end collision with a stopped vehicle establishes a prima facie case of negligence on the part of the operator of the following vehicle and imposes a duty of explanation on that operator (*see, Leal v Wolff,* 224 AD2d 392; *Barile v Lazzarini,* 222 AD2d 635; *Carter v Castle Elec. Contr. Co.,* 26 AD2d 83, 85). Under the circumstances of this case, evidence that the vehicle in which the plaintiffs were riding suddenly stopped in heavy traffic was insufficient to rebut the inference of Greene's negligence and the absence of negligence upon the part of Smith (*see, Bando-Twomey v Richheimer,* 229 AD2d 554; *Lectora v Gundrum,* 225 AD2d 738; *Barile v Lazzarini, supra*). Accordingly, since Greene failed to come forward with proof in evidentiary form sufficient to raise a triable issue of fact that Smith was to any degree at fault in the happening of the accident, her motion for summary judgment dismissing the counterclaim against her should have been granted (*Barba v Best Sec. Corp.,* 235 AD2d 381; *Moylett v Zioulis,* 239 AD2d 396; *Gladstone v Hachuel,* 225 AD2d 730).

To the extent that the brief filed on behalf of Smith on the counterclaim may be construed as raising a contention that the

Supreme Court erred in denying the plaintiffs' cross motion for partial summary judgment on the issue of Greene's liability on the complaint, that contention is not properly before us. Smith's notice of appeal, by which the appeal that was perfected was taken, was specifically limited to the portion of the order denying her motion for summary judgment dismissing the counterclaim and she did not thereby appeal from the other portion of the order that denied the cross motion (*see,* CPLR 5515 [1]; *International Shared Servs. v County of Nassau,* 222 AD2d 407, 409; *Royal v Brooklyn Union Gas Co.,* 122 AD2d 132, 133). Rosenblatt, J. P., Sullivan, Joy, Altman and Luciano, JJ., concur.