■ JACQUELINE POWER, Respondent, v BRET HUPART et al., Appellants. [688 NYS2d 194] —In a negligence action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Westchester County (Colabella, J.), entered May 18, 1998, which granted the plaintiff's motion for partial summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

The plaintiff's vehicle was struck in the rear by a vehicle driven by the defendant Bret Hupart and owned by the defendant Ken Hupart. She commenced this action to recover damages for personal injuries allegedly sustained as a result of the accident. After issue was joined and discovery was conducted, including the examinations before trial of both the plaintiff and the defendant Bret Hupart, the plaintiff moved, *inter alia,* for partial summary judgment on the issue of liability. The Supreme Court granted that motion and we affirm.

When a driver of an automobile approaches another automobile from the rear, he or she is bound to maintain a reasonably safe rate of speed and control over his or her vehicle, and to exercise reasonable care to avoid colliding with the other vehicle (*see, Abramowicz v Roberto,* 220 AD2d 374). A rear-end collision with a stopped or stopping vehicle creates a prima facie case of liability with respect to the operator of the rearmost vehicle, imposing a duty of explanation on the operator to excuse the collision either through a mechanical failure, a sudden stop of the vehicle ahead, an unavoidable skidding on a wet pavement, or any other reasonable cause (*see, Barile v Lazzarini,* 222 AD2d 635; *Rebecchi v Whitmore,* 172 AD2d 600). Here, the defendants argue that a question of fact exists as to whether the plaintiff made a sudden stop. However, at their examinations before trial, neither the plaintiff nor the defendant Bret Hupart testified that the plaintiff came to a sudden stop, nor is it reasonable to draw such an inference from their testimony. Thus, as the defendants failed, *inter alia,* to offer competent and probative evidence of such a sudden stop, the plaintiff was properly awarded partial summary judgment on the issue of liability. Altman, J. P., Friedmann, McGinity and Luciano, JJ., concur.