■ SHIRLEY BUSH, Appellant, v THOMAS RODENHOUSE, Respondent. (Appeal No. 2.) [696 NYS2d 719] —Appeal unanimously dismissed without costs (*see, Empire Ins. Co. v Food City*, 167 AD2d 983, 984). (Appeal from Order of Supreme Court, Monroe County, Frazee, J.—Reargument.) Present—Pine, J. P., Lawton, Wisner, Hurlbutt and Callahan, JJ.

■ REYNA L. DOWNS et al., Appellants, v BELA TOTH et al., Respondents. [695 NYS2d 807] —Order unanimously reversed on the law without costs and motion granted. Memorandum: Supreme Court erred in denying plaintiffs' motion for partial summary judgment on the issue of liability. It is well settled that "[a] defense which only alleges that the defendant saw the plaintiff's vehicle [lawfully stopped] * * * that the brakes of the vehicle were applied, but the vehicle nevertheless slid or skidded into the plaintiff's vehicle due to the wet condition of the roadway * * * [is] insufficient to rebut the inference of negligence created by [an] unexplained rear-end collision" (*Pincus v Cohen*, 198 AD2d 405, 406; *see, Schmidt v Edelman*, 263 AD2d 502). "When a driver approaches another vehicle from the rear, he is bound to maintain a reasonably safe rate of speed and to * * * compensate for any known adverse road conditions" (*Young v City of New York*, 113 AD2d 833, 834). (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Wisner, Hurlbutt and Callahan, JJ.