■ RONALD E. HANAK et al., Respondents, v VINOD JANI, Respondent, and ROBERT WALTHER, Appellant. [696 NYS2d 237] —In an action to recover damages for personal injuries, etc., the defendant Robert Walther appeals from (1) an order of the Supreme Court, Suffolk County (Kitson, J.), dated August 27, 1998, which denied his motion for summary judgment dismissing the complaint and cross claim insofar as asserted against him; and (2) so much of an order of the same court (Oliver, J.), dated March 12, 1999, as, upon reargument, adhered to its prior determination.

Ordered that the appeal from the order dated August 27, 1998, is dismissed, as that order was superseded by the order dated March 12, 1999, made upon reargument; and it is further,

Ordered that the order dated March 12, 1999, is reversed insofar as appealed from, on the law, the order dated August 27, 1998, is vacated, and the appellant's motion for summary judgment dismissing the complaint and cross claim insofar as asserted against him is granted; and it is further,

Ordered that the appellant is awarded one bill of costs.

On March 17, 1994, the appellant was driving a vehicle south on the William Floyd Parkway (hereinafter the Parkway) in Ridge, Suffolk County. The injured plaintiff (hereinafter the plaintiff) was driving the vehicle behind him, and the defendant Vinod Jani was driving a vehicle east on Whiskey Road. As the appellant approached the intersection of the Parkway and Whiskey Road, Jani's vehicle skidded through a red light and onto the Parkway. The appellant applied his brakes, but his vehicle was unable to avoid hitting Jani's vehicle. The plaintiff's vehicle then rear-ended the appellant's vehicle. The plaintiff and his wife commenced the instant action against the appellant and Jani to recover damages, *inter alia*, for personal injuries which he allegedly sustained in the collision. Jani asserted a cross claim against the appellant.

Upon reargument, the Supreme Court erred in denying the appellant's motion for summary judgment dismissing the complaint and cross claim insofar as asserted against him. The plaintiff's rear-end collision with the appellant's vehicle created a prima facie case of liability with respect to the plaintiff, imposing a duty of explanation on him and requiring him to rebut the inference of negligence by providing some non-negligent explanation for the collision (*see, Power v Hupart*, 260 AD2d 458; *Hurley v Izzo*, 248 AD2d 674, 675-676; *LaFond v City of New York*, 245 AD2d 268; *Migdol v Striker*, 215 AD2d 358). Although the plaintiff arguably did so in the instant case,

this does not necessarily mean that a question of fact exists as to whether the appellant was negligent. Rather, the plaintiff was required to raise a question of fact as to whether the appellant was negligent and whether such negligence was a proximate cause of the accident between the plaintiff and the appellant (*see, Sorrentino v Riemer,* 252 AD2d 522; *Mascitti v Greene,* 250 AD2d 821, 822). The plaintiff's evidence in opposition to the appellant's motion for summary judgment failed to do so, and therefore, the appellant's motion for summary judgment should have been granted (*see, Sorrentino v Riemer, supra; Mascitti v Greene, supra*). Mangano, P. J., Santucci, Krausman, Florio and H. Miller, JJ., concur.