■ JOSEPH L. PACE, JR., et al., Appellants, et al., Claimant, v STATE OF NEW YORK, Respondent. [705 NYS2d 687] —In a claim to recover damages for personal injuries, etc., the claimants Joseph L. Pace, Jr., Joelle L. Pace, Christine Herbert, and Dianne Herbert appeal from so much of an order of the Court of Claims (Nadel, J.), dated May 3, 1999, as denied their motion for partial summary judgment on the issue of liability.

Ordered that the order is affirmed insofar as appealed from, with costs.

On July 8, 1996, the claimant Joseph L. Pace, Jr. was driving along a curved ramp leading onto the Belt Parkway when he came to a complete stop because of two disabled vehicles in the roadway ahead of him. Pace's vehicle was then struck in the rear by a van owned by the State of New York and operated by Marcus Borden, a State employee. Borden claims that he was unable to avoid the accident because Pace stopped suddenly due to the disabled vehicles, which Pace and Borden were unable to see until they had rounded the curve. Borden maintains that he applied his brakes when he saw Pace's vehicle stop, but skidded into it because the roadway was wet with rain.

Contrary to the appellants' contention, the Court of Claims

did not err in denying their motion for partial summary judgment on the issue of liability. It is well settled that a rear-end collision with a stopped vehicle creates a prima facie case of liability with respect to the operator of the moving vehicle, imposing a duty of explanation on the operator to excuse the collision through evidence of a mechanical failure, a sudden stop of the vehicle ahead, an unavoidable skidding on wet pavement, or some other reasonable cause (*see, Power v Hupart,* 260 AD2d 458; *Hurley v Izzo,* 248 AD2d 674; *Carter v Castle Elec. Contr. Co.,* 26 AD2d 83). Under the circumstances of this case, the Court of Claims properly concluded that there are triable issues of fact as to the reasonableness of Borden's conduct which preclude summary judgment (*see, Ochoa v Portillo,* 266 AD2d 268; *Hurley v Izzo,* 248 AD2d 674, *supra; Lafond v City of New York,* 245 AD2d 268). Altman, J. P., Friedmann, Krausman and Feuerstein, JJ., concur.