■ ANGELLA R. PITCHURE, Respondent, v KANDEFER PLUMBING & HEATING et al., Appellants. [710 NYS2d 259] —Order reversed on the law without costs and motion denied. Memorandum: Plaintiff commenced this action to recover damages for personal injuries that she sustained when her stopped vehicle was struck from behind by a vehicle owned by defendant Kandefer Plumbing & Heating and driven by defendant Brian C. Martin. Supreme Court erred in granting plaintiff's motion for partial summary judgment on liability. It is well established that a rear-end collision with a stopped vehicle establishes a prima facie case of negligence on the part of the driver of the rear vehicle (*see, Diller v City of N. Y. Police Dept.*, 269 AD2d 143; *Baron v Murray*, 268 AD2d 495; *see also, Downs v Toth*, 265 AD2d 925). The presumption of negligence imposes a duty of explanation with respect to the operation of the rear vehicle (*see, Levine v Taylor*, 268 AD2d 566, citing *Pfaffenbach v White Plains Express Corp.*, 17 NY2d 132, 135, and *Gambino v City of New York*, 205 AD2d 583). In order to rebut the presumption, the driver of the rear vehicle must submit a non-negligent explanation for the collision (*see, Diller v City of N. Y. Police Dept., supra; Hanak v Jani*, 265 AD2d 453). Here, Martin submitted a non-negligent explanation for the collision (*see, Hanak v Jani, supra*), and it is for the jury to determine whether he breached his duty to keep a proper lookout and maintain a reasonably safe rate of speed and distance.

All concur except Kehoe, J., who dissents and votes to affirm in the following Memorandum.

Kehoe, J. (dissenting). I respectfully dissent and would affirm Supreme Court's order granting plaintiff's motion for partial summary judgment on liability. Defendant Brian C. Martin failed to offer a non-negligent explanation for the collision. Martin admits that he proceeded at 40 miles per hour over the hill despite his admitted inability to see traffic conditions on the other side. He also admits that he could not stop in time to avoid hitting plaintiff's car, the last in a line of 30

cars that had been brought safely to a stop in response to road construction. Under the circumstances, the court was warranted in concluding as a matter of law that Martin breached his duty to keep a proper lookout and maintain a reasonably safe rate of speed and distance, taking into account adverse road conditions (*see, Mitchell v Gonzalez,* 269 AD2d 250; *Downs v Toth,* 265 AD2d 925; *Johnson v Phillips,* 261 AD2d 269, 271). (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Kehoe and Lawton, JJ. (Filed May 31, 2000.)