■ DALLIANA TORRES, Appellant, v JOHN T. PIERPONT et al., Respondents. [711 NYS2d 900] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Coppola, J.), entered September 17, 1999, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendants established their entitlement to judgment as a matter of law. The plaintiff's rear-end collision with the defendants' vehicle created a prima facie case of liability with respect to the plaintiff, imposing a duty of explanation on the plaintiff and requiring her to rebut the inference of negligence by providing some non-negligent explanation for the collision (*see, Power v Hupart,* 260 AD2d 458; *Hurley v Izzo,* 248 AD2d 674, 675-676; *LaFond v City of New York,* 245 AD2d 268; *Migdol v Striker,* 215 AD2d 358), which she failed to do. Furthermore, the defendant Dianne S. Pierpont established that she had stopped lawfully on the divider between Interstate 684 and its exit ramp (*see,* Vehicle and Traffic Law § 1202 [a] [1] [j]), and the plaintiff failed to raise a question of fact as to whether the defendant was negligent and whether such negligence was a proximate cause of the accident (*see, Hanak v Jani,* 265 AD2d 453; *Sorrentino v Riemer,* 252 AD2d 522; *Mascitti v Greene,* 250 AD2d 821, 822). Bracken, J. P., Joy, Thompson, Goldstein and Feuerstein, JJ., concur.