■ JANE ARGIRO, Respondent, et al., Plaintiffs, v NORFOLK CONTRACT CARRIER, INC., et al., Appellants. [712 NYS2d 599] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Suffolk County (Kitson, J.), dated October 4, 1999, which granted the motion of the plaintiff Jane Argiro for summary judgment dismissing the counterclaim asserted against her.

Ordered that the order is affirmed, with costs.

A vehicle owned and operated by the respondent Jane Argiro was struck in the rear by a vehicle owned by the defendant Norfolk Contract Carrier, Inc., and operated by the defendant Eugene Borgmann, while driving in slow, heavy traffic on Interstate 95. The plaintiffs commenced this action to recover damages, inter alia, for personal injuries allegedly sustained in the accident. The defendants interposed a counterclaim against the respondent seeking indemnification and contribution for

claims asserted against them by the respondent's passenger, the plaintiff Ann Hom.

A rear-end collision with a stopped or stopping vehicle creates a prima facie case of liability against the operator of the rearmost vehicle, thereby requiring that operator to rebut the inference of negligence by providing a non-negligent explanation for the collision (*see, Hanak v Jani,* 265 AD2d 453; *Power v Hupart,* 260 AD2d 458; *Hurley v Izzo,* 248 AD2d 674, 675-676). In opposition to the respondent's prima facie showing that her vehicle was traveling in the same lane in front of the defendants' vehicle before the impact, the defendants failed to raise a triable issue of fact as to whether she was negligent and, if so, whether her negligence was a proximate cause of the accident (*see, Hanak v Jani, supra; Sorrentino v Riemer,* 252 AD2d 522; *Mascitti v Greene,* 250 AD2d 821, 822). The defendants' assertion that the respondent violated Vehicle and Traffic Law § 1128 (a) by moving into Borgmann's lane when it was not safe to do so is pure speculation (*see, Rotuba Extruders v Ceppos,* 46 NY2d 223, 231). Mangano, P. J., Santucci, Krausman, Florio and Schmidt, JJ., concur.