■ JEANETTE COLON, Respondent, v ANTONIO CRUZ, Appellant. [715 NYS2d 647] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Milano, J.), dated April 14, 2000, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

On October 5, 1996, the defendant was driving his vehicle southbound in the left lane of the Prospect Expressway in Kings County when he stopped due to traffic. His vehicle was struck in the rear by a vehicle operated by the plaintiff. The plaintiff commenced the instant action to recover damages for personal injuries she allegedly sustained in the collision.

The Supreme Court erred in denying the defendant's motion for summary judgment dismissing the complaint. The plaintiff's rear-end collision with the defendant's vehicle created a prima facie case of liability with respect to the plaintiff, imposing a duty of explanation on her and requiring her to rebut the inference of negligence by providing some non-negligent explanation for the collision (*see, Hanak v Jani,* 265 AD2d 453; *Power v Hupart,* 260 AD2d 458; *Hurley v Izzo,* 248 AD2d 674, 675-676; *LaFond v City of New York,* 245 AD2d 268). Although the plaintiff claimed that the defendant stopped short, this allegation failed to raise a question of fact as to whether the defendant was negligent and whether such negligence was a proximate cause of the accident (*see, Hanak v Jani, supra; Sorrentino v Riemer,* 252 AD2d 522; *Mascitti v Greene,* 250 AD2d 821, 822). Accordingly, the defendant's motion for summary judgment dismissing the complaint should have been granted. O'Brien, J. P., Sullivan, Krausman, Goldstein and Schmidt, JJ., concur.