■ Walter Donohue, Respondent, v Kenneth J. Young et al., Respondents, and Cecille Fordyce, Appellant. [716 NYS2d 100] —In an action to recover damages for personal injuries, the defendant Cecille Fordyce appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Taylor, J.), dated August 6, 1999, as denied her motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The defendant Kenneth J. Young, a firefighter, stopped his vehicle in the left lane of the southbound Van Wyck Expressway in order to aid possible victims of a car fire in the northbound lanes. The defendant Cecille Fordyce brought her vehicle to a complete stop behind the Young vehicle. Subsequently, a vehicle driven by the defendant Whitney Chaiet struck the Fordyce vehicle, propelling it into the Young vehicle, in which the plaintiff was a passenger.

It is uncontrovered that the Fordyce vehicle was stopped when it was struck in the rear by Chaiet's vehicle. Fordyce established, as a matter of law, that she was not at fault in the happening of the accident. There is no proof that she operated her vehicle improperly or engaged in any conduct which helped bring about the subsequent collision (*see, Kassim v City of New York,* 256 AD2d 386; *Lehmann v Sheaves,* 231 AD2d 687). Contrary to the Supreme Court's conclusion, the respondents failed to raise any issue of fact as to whether the appellant was negligent and, if so, that any such negligence was a proximate cause of the accident (*see, Hanak v Jani,* 265 AD2d 453). Accordingly, the appellant's motion for summary judgment must be granted. Sullivan, J. P., S. Miller, H. Miller and Smith, JJ., concur.