■ NEBOJSA JEREMIC et al., Plaintiffs, v RAYMOND K. TONG, Defendant and Third-Party Plaintiff-Respondent. ANGEL MORALES et al., Third-Party Defendants-Appellants. [724 NYS2d 484] —In an action to recover damages for personal injuries, etc., the third-party defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Dye, J.), dated June 13, 2000, as denied their motion for summary judgment dismissing the third-party complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the third-party complaint is dismissed.

This action arises out of a three-vehicle collision on April 8, 1995. In denying the motion of the third-party defendants for summary judgment dismissing the third-party complaint, the Supreme Court improperly relied on its prior order denying the plaintiffs' motion for summary judgment on the issue of liability against the defendant. The third-party defendants did not have a full and fair opportunity to litigate the issue of who was at fault in the accident, and the prior determination did not necessarily resolve the issues presented in the third-party complaint (see, People v Evans, 94 NY2d 499, 502; Gilligan v Reers, 255 AD2d 486).

In addition, on the merits, the third-party defendants are entitled to dismissal of the third-party complaint. A rear-end collision with a stopped vehicle creates a prima facie case of negligence on the part of the following vehicle, imposing a duty of explanation on the driver of that vehicle to rebut the inference of negligence by providing some non-negligent explanation for the collision (see, Colon v Cruz, 277 AD2d 195; Hanak v Jani, 265 AD2d 453). The evidence established that the third-

party defendants' vehicle had come to a stop, and that it was struck from behind by the plaintiffs' vehicle, which had itself been struck from behind by the defendant's vehicle. Although the defendant claimed that the third-party defendants' vehicle stopped short, that allegation failed to raise a triable issue of fact as to whether the third-party defendants were negligent and whether such negligence was a proximate cause of the accident (*see, Colon v Cruz, supra*). Bracken, P. J., Friedmann, Florio, H. Miller and Townes, JJ., concur.