■ Leonard Mita et al., Appellants, v Redelle C. Bianchi et al., Respondents. [728 NYS2d 710] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (M. Garson, J.), dated September 6, 2000, which, *inter alia,* granted the defendants' motion to vacate an order of the same court dated February 3, 2000, striking the answer upon the defendants' failure to appear for a calendar call, and the resulting judgment of the same court (Jackson, J.), dated February 23, 2000, in their favor and against the defendants in the principal sum of $200,000, entered upon the defendants' default in appearing at the inquest.

Ordered that the order is affirmed, with costs.

A defendant attempting to vacate a default must establish both a reasonable excuse for the default and a meritorious defense (*see,* CPLR 5015 [a] [1]; *Eugene Di Lorenzo, Inc. v Dutton Lbr. Co.,* 67 NY2d 138). The determination of what constitutes a reasonable excuse for a default lies within the sound discretion of the Supreme Court (*see, Roussodimou v Zafiriadis,* 238 AD2d 568; *Bardales v Blades,* 191 AD2d 667, 668).

Here, the Supreme Court providently exercised its discretion

in granting the defendants' motion to vacate their default. The defendants established that their default in appearing and answering the trial assignment part calendar call was not willful, but was the product of their understanding that the plaintiffs would not proceed to trial until 60 days after the injured plaintiff appeared for an independent medical examination as evidenced by the plaintiffs' stipulation and the prior order (*see, Skinner v Skinner,* 90 AD2d 845). Furthermore, the defendants produced evidence of a meritorious defense (*see, Colon v Cruz,* 277 AD2d 195; *Hanak v Jani,* 265 AD2d 453; *Power v Hupart,* 260 AD2d 458). Ritter, J. P., Altman, McGinity, Smith and Cozier, JJ., concur.