■ LEONARD KING et al., Respondents, v BARBARA SANTIAGO, Respondent, and ADMIRAL GORDON et al., Appellants. [733 NYS2d 919] —In an action to recover damages for personal injuries, the defendants Admiral Gordon and Michael D. King appeal from an order of the Supreme Court, Kings County (Harkavy, J.), dated July 31, 2001, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellants, and the action against the remaining defendant is severed.

The plaintiffs were passengers in a vehicle owned by the appellant Admiral Gordon and operated by the appellant Michael D. King (hereinafter collectively referred to as the appellants). The appellants' vehicle had stopped at a traffic signal when it was hit from behind by a vehicle owned and operated by the defendant Barbara Santiago. A rear-end collision with a stopped vehicle establishes a prima facie case of liability with respect to the operator of the moving vehicle, unless the operator of the moving vehicle can rebut the inference of negligence with a nonnegligent explanation for the collision (*see, Demenagas v Yan Hok Lai,* 275 AD2d 759; *Torres v Pierpont,* 274 AD2d 469; *Hanak v Jani,* 265 AD2d 453). Here, Santiago did not oppose the appellants' prima facie showing of entitlement to judgment as a matter of law. Furthermore, the plaintiffs failed to proffer an adequate, nonnegligent explanation for Santiago's failure to maintain a safe distance between her car and the appellants' car, or otherwise raise a triable issue of fact as to whether the appellants' alleged negligence caused their injuries (*see, Jeremic v Tong,* 283 AD2d 461; *Donohue v Young,* 277 AD2d 347; *Colon v Cruz,* 277 AD2d 195; *Mascitti v Greene,* 250 AD2d 821). Accordingly, the Supreme Court should have granted the appellants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. O'Brien, J. P., S. Miller, McGinity, Schmidt and Townes, JJ., concur.