■ · LLOYD N. SIMON, Appellant, v INZERILLO POOLS LTD., Doing Business as SWIMMING POOLS BY JACK ANTHONY, INC., Respondent. [745 NYS2d 478] —In an action to recover damages for breach of contract, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Klein, J.), dated September 19, 2001, as, in effect, upon granting reargument, adhered to a prior determination in an order of the same court, dated August 6, 2001, granting the defendant's motion to vacate a judgment entered against it upon its failure to appear or answer.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court granted the plaintiff leave to enter a judgment against the defendant upon its failure to appear or answer. The defendant moved to vacate the judgment and the Supreme Court granted that motion on August 6, 2001. The plaintiff's papers in opposition to the motion to vacate did not arrive until after the Supreme Court rendered its decision. Upon accepting the plaintiff's papers in opposition and treating them, in effect, as a motion for leave to reargue, the Supreme Court adhered to its original determination in an order dated September 19, 2001.

The Supreme Court providently exercised its discretion in granting the defendant's motion to vacate the judgment. The defendant set forth both a reasonable excuse for the delay in answering and a meritorious defense (*see* CPLR 5015 [a] [1]; *Eugene DiLorenzo, Inc. v Dutton Lbr. Co.,* 67 NY2d 138; *Mita v Bianchi,* 286 AD2d 376; *Gaylord v Serafino,* 274 AD2d 547).

The plaintiff's remaining contentions are without merit. Santucci, J.P., McGinity, Luciano and Adams, JJ., concur.