■ MARIANNA BUCCERI, Respondent, v DONALD FRAZER, Appellant-Respondent, and RAMESH HECTOR, Respondent-Appellant. [746 NYS2d 185]

The plaintiff brought this action against the defendants Donald Frazer and Ramesh Hector to recover damages for personal injuries which she allegedly suffered when her vehicle collided with the rear of Hector's vehicle on an entrance ramp to the Belt Parkway in Queens County. Frazer's and Hector's vehicles were stopped on the entrance ramp after Hector's vehicle struck the rear of Frazer's vehicle some five minutes earlier. Following discovery, Frazer moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against him on the ground, inter alia, that he was not negligent since the plaintiff had collided with the rear of Hector's stopped vehicle. Hector subsequently cross-moved for the same relief, but failed to comply with the notice provisions of CPLR 2215. The Supreme Court denied the motion and cross motion. We grant Frazer's motion and dismiss the complaint and all cross claims insofar as asserted against him.

"As a general rule, a rear-end collision with a stopped automobile creates a prima facie case of liability with respect to the operator of the moving vehicle unless the operator of the moving vehicle can come forth with an adequate, non-negligent explanation for the accident" (*Demenagas v Yan Hok Lai,* 275 AD2d 759; *see Shamah v Richmond County Ambulance Serv.,* 279 AD2d 564; *Waters v City of New York,* 278 AD2d 408). "When a driver of an automobile approaches another automobile from the rear, he or she is bound to maintain a reasonably safe rate of speed and control over his or her vehicle, and to exercise reasonable care to avoid colliding with the other vehicle" (*Filippazzo v Santiago,* 277 AD2d 419; *see Power v Hupart,* 260 AD2d 458; *Abramowicz v Roberto,* 220 AD2d 374).

In this case, Frazer established prima facie that he is entitled to summary judgment on the issue of liability against the plaintiff by demonstrating that her vehicle struck Hector's vehicle from the rear, thereby shifting the burden to the plaintiff to raise a triable issue of fact as to whether he was negligent and whether such negligence was a proximate cause of the accident (*see Hanak v Jani,* 265 AD2d 453, 453-454; *Sorrentino v Riemer,* 252 AD2d 522; *Mascitti v Greene,* 250 AD2d 821, 822).

The plaintiff failed to raise such a triable issue. Rather, the evidence established that "the proximate cause of the accident was the plaintiff's failure to control her vehicle" (*Marsella v Sound Distrib. Corp.*, 248 AD2d 683, 684; *see Metzler v Brawley*, 209 AD2d 487; *Barile v Lazzarini*, 222 AD2d 635; *Waters v City of New York, supra; Filippazzo v Santiago*, 277 AD2d 419; *Bournazos v Malfitano*, 275 AD2d 437; *Demenagas v Yan Hok Lai, supra*). Thus, Frazer was entitled to summary judgment.

However, the Supreme Court properly denied Hector's cross motion for summary judgment. Since Hector failed to comply with the notice provisions of CPLR 2215 in making his cross motion, the Supreme Court lacked jurisdiction to entertain the cross motion (*see Vanek v Mercy Hosp.*, 135 AD2d 707, 707-708; *Fortanasce v Meyrowitz*, 141 AD2d 606; *Marsico v Southland Corp.*, 148 AD2d 503, 506). In light of the substantive merit to Hector's cross motion, however, he should be granted leave to resubmit the cross motion on proper notice to the plaintiff. O'Brien, J.P., Friedmann, McGinity and H. Miller, JJ., concur.