Appeal from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered July 25, 2007 in a personal injury action. The order denied the motion of defendant and third-party defendant for summary judgment.
It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when the stopped vehicle in which he was a passenger was rear-ended by a vehicle owned and driven by defendant and third-party plaintiff, Michael J. Hale. Supreme Court properly denied that part of the motion of de *1201 fendant and third-party defendant, David A. Andrzejewski, the driver of the vehicle in which plaintiff was a passenger, for partial summary judgment determining that the negligence of Hale was the sole proximate cause of the accident. It is well established that, “[a]s a matter of law, a rear-end collision with a stopped [vehicle] establishes a prima facie case of negligence on the part of the driver of the rear vehicle” (Diller v City of N.Y. Police Dept., 269 AD2d 143, 144 [2000]; see Baron v Murray, 268 AD2d 495 [2000]; see also Downs v Toth, 265 AD2d 925 [1999]). In opposition to the motion, however, Hale submitted evidence that Andrzejewski stopped short and rear-ended the vehicle in front of him prior to being rear-ended by Hale. Thus, Hale raised a triable issue of fact whether Andrzejewski was also negligent (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Present — Hurlbutt, J.E, Centra, Pine and Gorski, JJ.