■ Kevin O'Rourke et al., Appellants, v Ralph T. Carucci et al., Respondents. [986 NYS2d 521]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Pitts, J.), dated May 24, 2012, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

When the driver of an automobile approaches another automobile from the rear, he or she is bound to maintain a reasonably safe rate of speed and control over his or her vehicle, and to exercise reasonable care to avoid colliding with the other vehicle (*see Taing v Drewery*, 100 AD3d 740 [2012]; *Ortiz v Hub Truck Rental Corp.*, 82 AD3d 725 [2011]; *Nsiah-Ababio v Hunter*, 78 AD3d 672 [2010]; *Power v Hupart*, 260 AD2d 458 [1999]; *see also* Vehicle and Traffic Law § 1129 [a]). In this context, drivers have a duty to see what should be seen and to exercise reasonable care under the circumstances to avoid an accident (*see Maragos v Sakurai*, 92 AD3d 922, 923 [2012]; *Balducci v Velasquez*, 92 AD3d 626, 628 [2012]; *Filippazzo v Santiago*, 277 AD2d 419 [2000]; *Johnson v Phillips*, 261 AD2d 269 [1999]).

A rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence against the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (*see Tutrani v County of Suffolk*, 10 NY3d 906, 908 [2008]; *Martinez v Martinez*, 93 AD3d 767, 768 [2012]; *Giangrasso v Callahan*, 87 AD3d 521 [2011]; *Parra v Hughes*, 79 AD3d 1113 [2010]).

Here, the defendants established their prima facie entitlement to judgment as a matter of law by presenting evidence that their vehicle was stopped and legally parked when it was struck in the rear by a vehicle operated by the plaintiff Kevin O'Rourke (*see Schmidt v Edelman*, 263 AD2d 502 [1999]; *Young v City of New York*, 113 AD2d 833 [1985]; *see also Downs v Toth*, 265 AD2d 925 [1999]; *Warren v Donovan*, 254 AD2d 201 [1998]). In opposition to this showing, the plaintiffs failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Skelos, J.P., Austin, Sgroi and LaSalle, JJ., concur.