Rodriguez v Kashem (2024 NY Slip Op 50886(U))

[*1]

Rodriguez v Kashem

2024 NY Slip Op 50886(U)

Decided on July 11, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 11, 2024
Supreme Court, Kings County

Hector Rodriguez, Plaintiffs,

against
Abul Kashem, CURLINA HILLS and LYFT, INC., Defendants.

Index No. 524136/2023

Law Offices of Nancy L. Isserlis, Long Island City (William J. Cariello III of counsel), for Defendant Abul Kashem.

Aaron D. Maslow, J.

The following numbered papers were used on this motion:
Submitted by Defendant Abul Kashem:
NYSCEF Doc No. 15: Notice of motion for summary judgment
NYSCEF Doc No. 16: Susan L. Cicio affirmation in support
NYSCEF Doc No. 17: Statement of material facts
NYSCEF Doc No. 18: Exhibit A — Summons & complaint, answers
NYSCEF Doc No. 19: Exhibit B — Abul Kashem affidavit
NYSCEF Doc No. 20: Exhibit C — Certified police report
NYSCEF Doc No. 21: Affidavit of service
Other Documents:
NYSCEF Doc No. 13: stipulation of discontinuance
NYSCEF Doc No. 23: stipulation of discontinuance
Upon the foregoing papers, having heard oral argument, and due deliberation having [*2]been had,[FN1]
it is hereby ORDERED as follows:
 Background
This is a motion by Defendant Abul Kashem (herein "Movant") seeking summary judgment to dismiss Plaintiff's complaint and all Defendants' cross-claims in their entirety on the ground that there is no negligence on Movant's part concerning the subject motor vehicle accident pursuant to CPLR 3212 (see NYSCEF Doc Nos. 15, notice of motion; 16, Cicio aff ¶ 2).
This action arose out of a motor vehicle accident that took place on May 27, 2023, at Delmar Loop and Pennsylvania in Brooklyn. At the time of the accident, Movant allegedly was working as a Lyft driver and was the owner and operator of one of the vehicles at issue, while Plaintiff was a passenger in Movant's vehicle. (See generally NYSCEF Doc No. 18, complaint.) While Movant's vehicle was at a full stop at a red traffic light, it was hit in the rear by co-Defendant Curlina Hills ("co-Defendant"), operating another motor vehicle (see NYSCEF Doc No. 19, Kashem aff ¶¶ 1-5).
Movant's summary judgment motion stands unopposed and at oral argument Movant's attorney noted that Plaintiff and co-Defendant Hills had already settled this matter among themselves, but that the parties did not include Movant in the stipulation of discontinuance (see NYSCEF Doc No. 13, stipulation of discontinuance). The action was also discontinued against Lyft (see NYSCEF Doc No. 23, stipulation of discontinuance) subsequently.

 Discussion
Summary judgment is a drastic remedy that should be granted only if no triable issues of fact exist and the movant is entitled to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Andre v Pomeroy, 35 NY2d 361, 364 [1974]). The party moving for summary judgment must present a prima facie case of entitlement to judgment as a matter of law, tendering sufficient evidence in admissible form demonstrating the absence of material issues of fact, and the failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers (see CPLR 3212 [b]; Smalls v AJI Industries, Inc., 10 NY3d 733 [2008]; Alvarez, 68 NY2d at 324). Once a prima facie showing has been made, however, the burden shifts to the nonmoving party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact that require a trial for resolution or tender an acceptable excuse for the failure to do so; mere expressions of hope are insufficient to raise a genuine issue of fact (see Zuckerman v City of New York, 49 NY2d 557 [1980]). If there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (see Rotuba Extruders, Inc. v Ceppos, 46 NY2d 223, 231 [1978]).
As for Movant's liability with respect to the incident, a rear-end collision with a stopped vehicle creates a prima facie case of liability against the operator of the rearmost vehicle, and thus imposes a duty of explanation on the rearmost operator to excuse the collision through mechanical failure, a sudden stop of the frontmost vehicle, an unavoidable skidding on wet pavement, or any other reasonable cause (see Power v Hupart, 260 AD2d 458 [2d Dept 1999]). As such, given that Movant was struck in the rear by co-Defendant, it would be co-Defendant's or Plaintiff's duty to refute any liability resting on co-Defendant's part in regard to the accident. Since neither Plaintiff nor co-Defendant provided any opposition to the present motion and have already settled the matter amongst themselves, there is no reason to deny Movant's motion dismissing all claims and cross-claims against him.
"Even where there is no opposition to a motion for summary judgment, the court is not relieved of its obligation to ensure that the movant has demonstrated his or her entitlement to the relief requested" (Zecca v Riccardelli, 293 AD2d 31 [2d Dept 2002]). Here, Movant made out a prima facie case of entitlement to judgment as a matter of law, tendering sufficient evidence in admissible form demonstrating the absence of material issues of fact (see CPLR 3212; Alvarez, 68 NY2d at 324). Plaintiff's affidavit performed this function. The burden shifted to the nonmoving parties to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact that require a trial for resolution or tender an acceptable excuse for the failure to do so. In the absence of opposition, no party has established a material issue of fact triable by a jury (see Nunez v Fernandez, 14 AD3d 382 [1st Dept 2005]).

 Conclusion
Accordingly, it is hereby ORDERED that the motion by Movant Defendant Abul Kashem seeking summary judgment dismissing all claims and cross-claims against him is GRANTED. Plaintiff's complaint and cross-claims in the answers of the other Defendants are dismissed as against Movant Defendant Abul Kashem. The Clerk is directed to enter judgment accordingly.
E N T E R
HON. AARON D. MASLOW
Justice of the Supreme Court of the State of New York

Footnotes

Footnote 1:. The Court calls attention to the provisions requiring that an opinion or decision be included in the record on appeal should an appeal be taken (see CPLR 5526; 22 NYCRR 1250.7 [b] [4], [d] [1] [iii]). Transcripts may be procured from the court reporter (see Matter of Lewandowski v Office of Ct. Admin., 173 Misc 2d 335 [Sup Ct, Albany County 1997]).