■ JAMES WATERS, Appellant, v CITY OF NEW YORK et al., Respondents. [717 NYS2d 647] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Hutcherson, J.), dated January 26, 2000, which denied his motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the motion is granted.

This action arises out of a two-vehicle collision at the end of an entrance ramp that merged into the Brooklyn-Queens Expressway in which a truck driven by the plaintiff was hit in the rear by a van driven by the defendant George Robles. Robles testified that although he saw the truck stopped at the end of the entrance ramp, about 75 feet in front of him, he did not see the brake lights illuminated, indicating that the truck was stopped. He further testified that he had used this ramp frequently in the past, and had never before seen a car stop at the end of the ramp.

The Supreme Court erred in denying the plaintiff's motion for summary judgment on the issue of liability. The rear-end collision created a prima facie case of liability with respect to Robles, requiring Robles to rebut the inference of negligence by providing some non-negligent explanation for the collision (see, Dwyer v Cohen, 262 AD2d 600; Higgins v Ridgewood Sav. Bank, 262 AD2d 357; Power v Hupart, 260 AD2d 458; Lopez v Minot, 258 AD2d 564). Under the circumstances of this case, Robles's statement that he did not observe any illuminated brake lights indicating that the truck was stopped is insufficient to establish a genuine issue of material fact precluding summary judgment. Robles testified that he saw the truck about 75 feet in front of him, and he was unable to reduce his speed and bring his vehicle to a stop to avoid hitting the truck. Thus, he failed to maintain a reasonably safe rate of speed and a safe distance between his vehicle and the plaintiff's vehicle, and failed to use reasonable care in avoiding the collision with the truck (see, Lopez v Minot, supra; Barile v Lazzarini, 222 AD2d 635, 637; Vehicle and Traffic Law § 1129 [a]). S. Miller, J. P., McGinity, Luciano and Smith, JJ., concur.