■ VALERIE A. BENDER, Respondent, v ANGEL L. RODRIGUEZ et al., Respondents-Appellants, and JOHN D. GILL, Appellant-Respondent. [754 NYS2d 475] —Appeal and cross appeal from an order of Supreme Court, Erie County (O'Donnell, J.), entered July 16, 2001, which, inter alia, denied the motion of defendant John D. Gill for summary judgment, dismissing the complaint and cross claim against him.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying those parts of plaintiff's cross motion seeking partial summary judgment on liability against defendants and striking the first affirmative defense of defendant John D. Gill, alleging culpable conduct by plaintiff, and reinstating that affirmative defense and by granting the motion of defendants Angel L. Rodriguez and First Call Wheelchair Service, Inc. to amend their answer upon condition that those defendants shall serve the amended answer within 20 days of service of a copy of the order of this Court with notice of entry and as modified the order is affirmed without costs.

Memorandum: This personal injury action arises from multiple motor vehicle collisions that occurred in heavy traffic on the Scajaquada Expressway in Buffalo. Supreme Court properly denied the motion of defendant John D. Gill for summary judgment dismissing the complaint and cross claim against him but erred in granting those parts of plaintiff's cross motion seeking partial summary judgment on liability against defendants and striking Gill's first affirmative defense. It is undisputed that traffic was heavy when the collisions occurred. Plaintiff testified at her deposition that, when she saw that the cab in front of her had stopped, she put her car in neutral and coasted behind the cab. She estimated that she was stopped for 45 seconds before being struck from behind in what she described as two distinct impacts. Plaintiff believed

that the first collision occurred when the vehicle driven by Gill, which was directly behind plaintiff's vehicle, struck her vehicle. She believed that the second collision occurred when the van driven by defendant Angel L. Rodriguez and owned by defendant First Call Wheelchair Service, Inc. (First Call), which was directly behind Gill's vehicle, struck Gill's vehicle and propelled it into plaintiff's vehicle. "It is well established that a rear-end collision with a stopped vehicle establishes a prima facie case of negligence on the part of the driver of the rear vehicle * * *. The presumption of negligence imposes a duty of explanation with respect to the operation of the rear vehicle * * *. In order to rebut the presumption, the driver of the rear vehicle must submit a non-negligent explanation for the collision" (*Pitchure v Kandefer Plumbing & Heating,* 273 AD2d 790, 790; *see also Jones v Egan,* 252 AD2d 909, 911).

In view of plaintiff's deposition testimony, the burden shifted to defendants to provide a nonnegligent explanation for the collisions. "A nonnegligent explanation for [a] collision, such as mechanical failure or the sudden and abrupt stop of the vehicle ahead, is sufficient to overcome the inference of negligence and preclude an award of summary judgment" (*Rodriguez-Johnson v Hunt,* 279 AD2d 781, 782). Here, Gill agreed that traffic was heavy but testified at his deposition that he was "coasting behind [plaintiff] when she came to a sudden stop" and that her brake lights were not activated (*cf. Gubala v Gee,* 302 AD2d 911 [2003]). Furthermore, Gill testified that he had initially come to a complete stop behind plaintiff's vehicle without striking it and that the two impacts occurred as a result of a "rebound" effect when his vehicle was rear-ended by the van driven by Rodriguez. Thus, there is an issue of fact whether Gill's vehicle initially struck plaintiff's vehicle once and then struck it a second time after the impact from the First Call van (*see generally Bellavia v Greenough,* 193 AD2d 712). In addition, Rodriguez testified at his deposition that Gill made a sudden stop in front of him and that Gill's brake lights were not activated, and thus there is a further issue of fact concerning the alleged negligence of Rodriguez. We therefore modify the order by denying those parts of plaintiff's cross motion seeking partial summary judgment on liability against defendants and striking Gill's first affirmative defense, alleging culpable conduct by plaintiff, and reinstating that affirmative defense. We further modify the order by granting the motion of Rodriguez and First Call to amend their answer upon condition that those defendants shall serve the amended answer within 20 days of service of a copy of the order of this Court with notice of entry. Under the circumstances of this case, we conclude

that the court abused its discretion in denying that motion where, as here, plaintiff has shown no prejudice (*see* CPLR 3025 [b]; *Blue Cross of W. N.Y. v Board of Coop. Educ. Servs. of Orleans-Niagara Counties,* 187 AD2d 933, 934). Present—Green, J.P., Hurlbutt, Burns, Gorski and Hayes, JJ.