■ JESSICA R. NEWTON, Respondent-Appellant, v SARA J. PERUGINI et al., Appellants-Respondents. [791 NYS2d 742]—

Appeal and cross appeal from an order of the Supreme Court,

Erie County (Rose H. Sconiers, J.), entered July 16, 2004. The order denied plaintiff's motion for partial summary judgment and denied defendants' cross motion for summary judgment dismissing the complaint in a negligence action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting that part of the motion with respect to negligence and sole proximate cause and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this negligence action seeking damages for personal injuries she sustained when her vehicle was rear-ended by a vehicle being operated by Sara J. Perugini (defendant). Supreme Court properly denied defendants' cross motion for summary judgment dismissing the complaint on the ground of res judicata. "Under res judicata, or claim preclusion, a valid final judgment bars future actions between the same parties on the same cause of action" (*Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 347 [1999]). "As a general rule, 'once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy' " (*id.* quoting *O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]). Here, the gravamen of plaintiff's small claims action was that plaintiff sustained property damage to her vehicle, not that she sustained personal injuries. All the evidence presented at the trial of the small claims action, held just one month after the accident, related to the property damage claim, on which plaintiff prevailed. The amount that plaintiff sought to recover for property damage was approximately equal to the $3,000 jurisdictional limit of small claims court. Because plaintiff's present action is based on a different claim or cause of action than the prior small claims action, the doctrine of res judicata does not require a dismissal.

The court erred, however, in denying that part of plaintiff's motion that sought partial summary judgment determining that defendant's negligence was the sole proximate cause of the collision as a matter of law, and we thus modify the order accordingly. "[A] rear-end collision with a stopped vehicle establishes a prima facie case of negligence on the part of the driver of the rear vehicle" (*Pitchure v Kandefer Plumbing & Heating*, 273 AD2d 790, 790 [2000]). "In order to rebut a prima facie showing of negligence, the driver of the rear vehicle must submit a nonnegligent explanation for the collision" (*Ruzycki v Baker*, 301 AD2d 48, 49 [2002]). Here, plaintiff met her initial burden of establishing that defendant's negligence was the sole

proximate cause of the accident, and defendants failed to raise a triable issue. The testimony of plaintiff and defendant established that the rush-hour traffic on the morning of the accident was moving slowly and there was additional congestion further ahead on the highway. The accident occurred when plaintiff slowed down in response to the traffic ahead and defendant collided with the rear of her vehicle. Defendant testified that she took her eyes off the road in front of her to look in her rearview mirror to change lanes. When she returned her eyes to the road in front of her, she noticed plaintiff's vehicle and was unable to stop before colliding with the vehicle. Despite the heavy traffic, defendant testified that she was only one car length away from plaintiff prior to the accident. Defendants contend that evidence of plaintiff's sudden stop was sufficient to rebut the presumption of negligence and raise a triable issue of fact whether plaintiff contributed to the accident. We disagree. "Defendant admitted that the traffic was heavy and slow-moving, and '[e]vidence that plaintiff's lead vehicle was forced to stop suddenly in heavy traffic does not amount to proof that plaintiff was in any way at fault for the accident' " (*id.* at 50). Present— Hurlbutt, J.P., Scudder, Kehoe, Pine and Hayes, JJ.