■ ALVIN M. GREENE, ESQ., as Next Friend and/or Guardian ad Litem for C.W., an Infant, Appellant, v PAMELA J. (MALTESE) SIVRET et al., Defendants, and SUSAN G. REED, Respondent. [842 NYS2d 814]—

Appeal from an order of the Supreme Court, Genesee County (Robert C. Noonan, A.J.), entered June 5, 2006 in a personal injury action. The order, insofar as appealed from, granted the motion of defendant Susan G. Reed for summary judgment dismissing the second amended complaint and cross claims against her and denied that part of plaintiff's cross motion for partial summary judgment against that defendant.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries sustained by C.W. (hereafter, child) when a vehicle operated by defendant Susan G. Reed was rear-ended by a vehicle operated by defendant Pamela J. (Maltese) Sivret, in which the child was a passenger. Contrary to plaintiff's contention, Supreme Court properly granted the motion of Reed for summary judgment dismissing the second amended complaint and all cross claims against her. It is well settled that "a rear-end collision with a stopped vehicle establishes a prima facie case of negligence on the part of the driver of the rear vehicle" (*Pitchure v Kandefer Plumbing & Heating*, 273 AD2d 790, 790 [2000]). Here, Reed met her initial burden on the motion by establishing that her stopped vehicle was rear-ended by Sivret's vehicle. Sivret did not oppose Reed's motion and, in opposing Reed's motion, plaintiff failed to submit the requisite "non-negligent explanation for the collision" (*Ruzycki v Baker*, 301 AD2d 48, 49 [2002]). Indeed, Sivret testified at her deposition

that she was aware of the "stop and go" traffic and thus could have anticipated that Reed might be forced to stop suddenly. Sivret also admitted that, just before the collision, she had averted her attention from the road in order to look out the passenger window and that, when she returned her attention to the road, she was unable to avoid the collision with Reed's vehicle (*see generally Farrington v New York City Tr. Auth.*, 33 AD3d 332 [2006]). Thus, Sivret's "failure to anticipate and react to the slow and cautious movement of [Reed's] vehicle is not an adequate, nonnegligent explanation for the accident" (*Ruzycki*, 301 AD2d at 50 [internal quotation marks omitted]; *see Newton v Perugini*, 16 AD3d 1087, 1089 [2005]).

Finally, even assuming, arguendo, that plaintiff is correct that Reed's brake lights malfunctioned, we nevertheless conclude under the circumstances of this case that the alleged malfunctioning brake lights "would not adequately rebut the inference of [Sivret's] negligence" (*Farrington*, 33 AD3d at 332 [2006]; *cf. Bender v Rodriguez*, 302 AD2d 882, 883 [2003]). Present—Scudder, P.J., Martoche, Lunn, Peradotto and Green, JJ.