**SUPREME COURT OF THE STATE OF NEW YORK**
*Appellate Division, Fourth Judicial Department*

**1315**

**CA 12-00965**

PRESENT: SMITH, J.P., PERADOTTO, CARNI, SCONIERS, AND WHALEN, JJ.

---

MARK W. BOROWSKI, PLAINTIFF-RESPONDENT,

V             MEMORANDUM AND ORDER

JEREMY J. PTAK, DEFENDANT-APPELLANT,
AND KELLY L. MCCULLOCH, DEFENDANT.

---

LAW OFFICE OF DANIEL R. ARCHILLA, BUFFALO (LAUREN M. YANNUZZI OF COUNSEL), FOR DEFENDANT-APPELLANT.

STAMM LAW FIRM, WILLIAMSVILLE (BRIAN G. STAMM OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---------------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered March 15, 2012. The order, inter alia, denied the motion of defendant Jeremy J. Ptak for summary judgment.

It is hereby ORDERED that the order so appealed from is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for personal injuries he sustained when the vehicle he was operating rear-ended a vehicle operated by Jeremy J. Ptak (defendant), which in turn rear-ended a vehicle operated by defendant Kelly L. McCulloch, which had stopped in traffic. Defendant moved for summary judgment dismissing the complaint against him, and in the alternative he sought a bifurcated trial on liability and damages. Supreme Court denied defendant's motion insofar as it sought summary judgment dismissing the complaint, but granted defendant the alternative relief requested. We affirm.

"A rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence with respect to the operator of the moving vehicle, and imposes a duty on the operator of the moving vehicle to come forward with an adequate, [nonnegligent] explanation for the accident" (*Camarillo v Sandoval*, 90 AD3d 593, 593 [internal quotation marks omitted]; *see Roll v Gavitt*, 77 AD3d 1412, 1413; *Johnson v Yarussi Constr., Inc.*, 74 AD3d 1772, 1772-1773).

Although defendant met his initial burden of establishing a prima facie case of negligence on the part of plaintiff inasmuch as it is undisputed that plaintiff's vehicle rear-ended defendant's stopped vehicle, we conclude that plaintiff submitted evidence of an adequate nonnegligent explanation for the collision (*see Camarillo*, 90 AD3d at

593).  While other cases have held that a party's testimony that he or she did not "see" the other vehicle's brake lights illuminated before rear-ending that vehicle does not alone establish the requisite nonnegligent explanation for the collision (*see Waters v City of New York*, 278 AD2d 408, 409; *Barile v Lazzarini*, 222 AD2d 635, 636-637), those cases are distinguishable from this case.  Here, plaintiff testified at his deposition that he was unable to discern whether defendant's vehicle was stopped because defendant's brake lights were not activated.  Plaintiff, however, also submitted the deposition testimony of McCulloch and defendant in which they both described traffic conditions on the date of the accident as "congested" and "stop and go."  Additionally, plaintiff submitted evidence that defendant stopped suddenly.  Indeed, plaintiff testified at his deposition that defendant apologized to plaintiff for the accident, explaining that McCulloch had stopped suddenly and that defendant "couldn't help it."  That evidence, when viewed in the light most favorable to the nonmoving party (*see Nichols v Xerox Corp.*, 72 AD3d 1501, 1502), establishes a sufficient nonnegligent explanation for the collision.

The dissent characterizes defendant's apology for the accident as being exculpatory, rather than an admission of fault.  Our differing interpretations of that statement support our conclusion that issues of fact exist that preclude summary judgment.  Further, the dissent emphasizes that, although plaintiff contends that the alleged sudden stop of defendant's vehicle provides a nonnegligent explanation for the fact that his vehicle rear-ended defendant's vehicle, plaintiff attempts to establish defendant's negligence by submitting defendant's alleged statement regarding the same nonnegligent explanation, i.e., McCulloch's sudden stop caused defendant to stop suddenly.  The dissent's assertion, however, is of no moment inasmuch as defendant, not plaintiff, moved for summary judgment and defendant cannot meet its burden by relying on "claimed deficienc[ies] in plaintiff['s] proof" (*Strzelczyk v Palumbo*, 101 AD3d 1769, 1770).

All concur except SMITH, J.P., and CARNI, J., who dissent and vote to reverse the order in accordance with the following Memorandum: This appeal presents the somewhat novel circumstance of a plaintiff seeking to recover damages for injuries he sustained after his vehicle rear-ended another vehicle, which was driven by Jeremy J. Ptak (defendant).  Inasmuch as we conclude that plaintiff has not rebutted the presumption of his own negligence created by the fact that his vehicle rear-ended defendant's vehicle, we respectfully disagree with our colleagues and dissent.  We would therefore reverse the order and grant defendant's motion for summary judgment dismissing the complaint and all cross claims against him.

It is not disputed that defendant's vehicle came to a complete stop before being rear-ended by plaintiff's vehicle.  Further, defendant submitted the deposition testimony of defendant Kelly L. McCulloch, in which she testified that defendant's vehicle was at a complete stop for "[a]bout half a minute to a minute" before it was struck by plaintiff's vehicle.  Plaintiff offered no testimony or competent evidence as to how long defendant's vehicle had been stopped

before his vehicle rear-ended defendant's vehicle.  Instead, plaintiff testified at his deposition that he did not see defendant's vehicle until "a few seconds" before the impact.  Remarkably, plaintiff testified that he had "no idea" if defendant's vehicle had been traveling in front of his vehicle in the same lane before the accident.  Plaintiff also testified that the accident occurred during "rush hour traffic" conditions, and both McCulloch and defendant described the traffic conditions in their deposition testimony as "congested" and "stop and go."

We conclude that plaintiff failed to submit the requisite nonnegligent explanation for the collision and thus, as noted above, plaintiff failed to rebut the presumption of his negligence created by the fact that his vehicle rear-ended defendant's vehicle (*see Greene v Sivret*, 43 AD3d 1328, 1328).  Even assuming, arguendo, that plaintiff is correct that defendant's brake lights were not working at the time of the accident, we conclude that under the circumstances presented here the alleged malfunctioning brake lights "would not adequately rebut the inference of [plaintiff's] negligence" (*Farrington v New York City Tr. Auth.*, 33 AD3d 332, 332; *see Greene*, 43 AD3d at 1329).  Moreover, plaintiff's deposition testimony that he did not "see" any illuminated brake lights on defendant's vehicle before the collision is not the equivalent of a factual assertion that defendant's brake lights were malfunctioning.  The fact that plaintiff did not observe any illuminated brake lights on defendant's vehicle is also insufficient to establish a triable issue of fact precluding summary judgment in defendant's favor (*see Waters v City of New York*, 278 AD2d 408, 409; *Barile v Lazzarini*, 222 AD2d 635, 636-637).

Finally, we respectfully disagree with the implicit conclusion of our colleagues that plaintiff, through what the majority characterizes as an "apology," submitted competent evidence of an admission of fault by defendant.  Plaintiff testified at his deposition that, at the scene of the accident, defendant stated "I'm sorry.  [McCulloch] stopped all of a sudden.  I couldn't help it."  We do not interpret those statements as an admission of fault by defendant for causing plaintiff's vehicle to rear-end defendant's vehicle.  Inasmuch as it is undisputed that defendant safely stopped his vehicle without rear-ending McCulloch's vehicle and that defendant's vehicle remained at a complete stop for a half of a minute to a minute before being rear-ended by plaintiff's vehicle, we conclude that defendant's statements fail to raise a triable issue of fact as to defendant's alleged negligence.  In our view, and when taken in context, defendant's statements are more fairly characterized as exculpatory in that they assign blame to McCulloch rather than express an admission of fault on the part of defendant.  Moreover, we find it notable that, although plaintiff contends that the alleged sudden stop of defendant's vehicle provides a nonnegligent explanation for the fact that his vehicle rear-ended defendant's vehicle, plaintiff attempts to establish defendant's negligence by submitting defendant's alleged statement regarding the same nonnegligent explanation, i.e., McCulloch's sudden stop caused defendant to stop suddenly.

Entered:  June 7, 2013                                    Frances E. Cafarell
                                                         Clerk of the Court