Smith, J.P., and Carni, J.
(dissenting). This appeal presents *1500 the somewhat novel circumstance of a plaintiff seeking to recover damages for injuries he sustained after his vehicle rear-ended another vehicle, which was driven by Jeremy J. Ptak (defendant). Inasmuch as we conclude that plaintiff has not rebutted the presumption of his own negligence created by the fact that his vehicle rear-ended defendant’s vehicle, we respectfully disagree with our colleagues and dissent. We would therefore reverse the order and grant defendant’s motion for summary judgment dismissing the complaint and all cross claims against him.
It is not disputed that defendant’s vehicle came to a complete stop before being rear-ended by plaintiffs vehicle. Further, defendant submitted the deposition testimony of defendant Kelly L. McCulloch, in which she testified that defendant’s vehicle was at a complete stop for “[a]bout half a minute to a minute” before it was struck by plaintiffs vehicle. Plaintiff offered no testimony or competent evidence as to how long defendant’s vehicle had been stopped before his vehicle rear-ended defendant’s vehicle. Instead, plaintiff testified at his deposition that he did not see defendant’s vehicle until “a few seconds” before the impact. Remarkably, plaintiff testified that he had “no idea” if defendant’s vehicle had been traveling in front of his vehicle in the same lane before the accident. Plaintiff also testified that the accident occurred during “rush hour traffic” conditions, and both McCulloch and defendant described the traffic conditions in their deposition testimony as “congested” and “stop and go.”
We conclude that plaintiff failed to submit the requisite non-negligent explanation for the collision and thus, as noted above, plaintiff failed to rebut the presumption of his negligence created by the fact that his vehicle rear-ended defendant’s vehicle (see Greene v Sivret, 43 AD3d 1328, 1328 [2007]). Even assuming, arguendo, that plaintiff is correct that defendant’s brake lights were not working at the time of the accident, we conclude that under the circumstances presented here the alleged malfunctioning brake lights “would not adequately rebut the inference of [plaintiff’s] negligence” (Farrington v New York City Tr. Auth., 33 AD3d 332, 332 [2006]; see Greene, 43 AD3d at 1329). Moreover, plaintiffs deposition testimony that he did not “see” any illuminated brake lights on defendant’s vehicle before the collision is not the equivalent of a factual assertion that defendant’s brake lights were malfunctioning. The fact that plaintiff did not observe any illuminated brake lights on defendant’s vehicle is also insufficient to establish a triable issue of fact precluding summary judgment in defendant’s favor (see *1501 Waters v City of New York, 278 AD2d 408, 409 [2000]; Barile v Lazzarini, 222 AD2d 635, 636-637 [1995]).
Finally, we respectfully disagree with the implicit conclusion of our colleagues that plaintiff, through what the majority characterizes as an “apology,” submitted competent evidence of an admission of fault by defendant. Plaintiff testified at his deposition that, at the scene of the accident, defendant stated “I’m sorry. [McCulloch] stopped all of a sudden. I couldn’t help it.” We do not interpret those statements as an admission of fault by defendant for causing plaintiffs vehicle to rear-end defendant’s vehicle. Inasmuch as it is undisputed that defendant safely stopped his vehicle without rear-ending McCulloch’s vehicle and that defendant’s vehicle remained at a complete stop for a half of a minute to a minute before being rear-ended by plaintiffs vehicle, we conclude that defendant’s statements fail to raise a triable issue of fact as to defendant’s alleged negligence. In our view, and when taken in context, defendant’s statements are more fairly characterized as exculpatory in that they assign blame to McCulloch rather than express an admission of fault on the part of defendant. Moreover, we find it notable that, although plaintiff contends that the alleged sudden stop of defendant’s vehicle provides a nonnegligent explanation for the fact that his vehicle rear-ended defendant’s vehicle, plaintiff attempts to establish defendant’s negligence by submitting defendant’s alleged statement regarding the same nonnegligent explanation, i.e., McCulloch’s sudden stop caused defendant to stop suddenly. Present — Smith, J.P., Peradotto, Carni, Sconiers and Whalen, JJ.