# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**785**

**CA 14-01218**

PRESENT: SCUDDER, P.J., SMITH, SCONIERS, VALENTINO, AND DEJOSEPH, JJ.

---

DEBORA KALBFLIESH AND KENNETH KALBFLIESH, JR.,
PLAINTIFFS-RESPONDENTS,

V                                                    MEMORANDUM AND ORDER

ANDREA MCCANN, JOHN MCCANN,
DEFENDANTS-RESPONDENTS,
JOSEPH A. MOSES AND SMART RIDE LTD.,
DEFENDANTS-APPELLANTS.
(APPEAL NO. 1.)

---

LIPPMAN O'CONNOR, BUFFALO (GERARD E. O'CONNOR OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

CAMPBELL & SHELTON, LLP, EDEN, MAGAVERN MAGAVERN GRIMM LLP, BUFFALO
(EDWARD J. MARKARIAN OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

HAGELIN KENT, LLC, BUFFALO (BENJAMIN R. WOLF OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Niagara County (Mark A. Montour, J.), entered March 3, 2014 in a personal injury action. The order denied the motion of defendants Joseph A. Moses and Smart Ride Ltd. for summary judgment dismissing the complaint and the cross claim against them.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, and the complaint and cross claim against defendants Joseph A. Moses and Smart Ride Ltd. are dismissed.

Memorandum: Plaintiffs commenced this action seeking damages for injuries allegedly sustained by Debora Kalbfliesh (plaintiff) when she was a passenger in a van driven by defendant Joseph A. Moses and owned by defendant Smart Ride Ltd. (collectively, defendants) that was rear-ended by a vehicle driven by defendant Andrea McCann (McCann) and owned by defendant John McCann (collectively, McCann defendants). In appeal No. 1, defendants appeal from an order denying their motion for summary judgment dismissing the complaint and the McCann defendants' cross claim against them. In appeal No. 2, defendants appeal from an order denying their motion seeking to settle the record on appeal to exclude a letter to Supreme Court from plaintiffs' counsel. Addressing first the order in appeal No. 2, we perceive no abuse of discretion in the court's settlement of the record (*see Matter of*

*Albright* [appeal No. 2], 87 AD3d 1294, 1295).

With respect to the order in appeal No. 1, however, we agree with defendants that the court erred in denying their motion. Defendants met their initial burden of establishing that McCann's negligence was the sole proximate cause of the accident by submitting evidence that Moses was lawfully slowing to make a right-hand turn, and that the rear-end collision resulted from McCann's admitted failure to pay attention to the road as she retrieved her phone from the floor of her vehicle after it fell (*see Giangrasso v Callahan*, 87 AD3d 521, 522; *Newton v Perugini*, 16 AD3d 1087, 1088-1089; *see also Le Grand v Silberstein*, 123 AD3d 773, 775). In opposition to the motion, plaintiffs and the McCann defendants failed to raise a triable issue of fact whether any negligence attributable to Moses contributed to the accident (*see Le Grand*, 123 AD3d at 775; *Newton*, 16 AD3d at 1089; *see generally Prine v Santee*, 21 NY3d 923, 925). Any defect in the right rear turn signal of defendants' van was not a proximate cause of the accident in light of McCann's testimony that she did not see the van until it was too late to avoid it (*see Filippazzo v Santiago*, 277 AD2d 419, 420; *see generally Green v Mower*, 302 AD2d 1005, 1006, *affd* 100 NY2d 529; *Greene v Sivret*, 43 AD3d 1328, 1328-1329). We likewise conclude that, under the circumstances of this case, the other alleged acts of negligence by Moses, including any failure to wear corrective eyewear that was required as a restriction on his license (*see* Vehicle and Traffic Law § 509 [3]), did not contribute to the accident as a matter of law (*see Gray v Delaware Equip. Servs., Inc.*, 56 AD3d 1006, 1007; *Dance v Town of Southampton*, 95 AD2d 442, 445-446; *cf. Dalal v City of New York*, 262 AD2d 596, 598).

Entered:  June 19, 2015                        Frances E. Cafarell
                                               Clerk of the Court