# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**522**

**CAF 16-00507**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND SCUDDER, JJ.

---

IN THE MATTER OF NATAYLIA C.B. AND
SABASTION C.B.

-------------------------------------------

ONONDAGA COUNTY DEPARTMENT OF CHILDREN
AND FAMILY SERVICES, PETITIONER-RESPONDENT;

CHRISTOPHER B., RESPONDENT-APPELLANT.
(APPEAL NO. 1.)

MEMORANDUM AND ORDER

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (DANIELLE K. BLACKABY OF COUNSEL), FOR RESPONDENT-APPELLANT.

ROBERT A. DURR, COUNTY ATTORNEY, SYRACUSE (MAGGIE SEIKALY OF COUNSEL), FOR PETITIONER-RESPONDENT.

ARLENE BRADSHAW, ATTORNEY FOR THE CHILDREN, SYRACUSE.

---

Appeal from an order of the Family Court, Onondaga County (Michael L. Hanuszczak, J.), entered March 2, 2016 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, terminated respondent's parental rights to the subject children.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In appeal No. 1, respondent father appeals from an order that, inter alia, terminated his parental rights with respect to the subject children on the ground of permanent neglect. In appeal No. 2, the father appeals from an order denying in part the father's motion to settle the record on appeal in appeal No. 1. Contrary to the father's contention in appeal No. 2, we conclude that Family Court did not abuse its discretion in settling the record (*see Kalbfliesh v McCann*, 129 AD3d 1671, 1672, *lv denied* 26 NY3d 907).

With respect to the order in appeal No. 1, the father failed to preserve for our review his contention that the petition is "jurisdictionally defective because it failed to set forth the requisite diligent efforts of petitioner to encourage and strengthen the parental relationship" (*Matter of Abraham C.*, 55 AD3d 1442, 1442-1443, *lv denied* 12 NY3d 701). In any event, the petition "sufficiently specified the agency's efforts," which included arranging visitation with the children, consulting with the father about developing a service plan, and reviewing his progress (*Matter of*

*Ana M.G. [Rosealba H.]*, 74 AD3d 419, 419; *see Abraham C.*, 55 AD3d at 1443).

Contrary to the father's contention, his admission that he failed to plan adequately for the children's long-term care was sufficient to establish permanent neglect (*see generally Matter of Jason H. [Lisa K.]*, 118 AD3d 1066, 1067; *Matter of Adam L. [Marie L.-K.]*, 97 AD3d 581, 582), inasmuch as "[t]he failure of an incarcerated parent to provide any realistic and feasible alternative to having the child[ren] remain in foster care until the parent's release from prison . . . supports a finding of permanent neglect" (*Matter of Alex C., Jr. [Alex C., Sr.]*, 114 AD3d 1149, 1150, *lv denied* 23 NY3d 901 [internal quotation marks omitted]). Furthermore, "in view of the father's admissions of permanent neglect, the court was not required to determine whether petitioner exercised diligent efforts to strengthen and encourage the parental relationship" (*Matter of Shadazia W.*, 52 AD3d 1330, 1331, *lv denied* 11 NY3d 706).

We reject the father's further contention that he was denied effective assistance of counsel. Counsel cannot be deemed ineffective " 'merely because the attorney counseled [the father] to admit the allegations in the petition' " (*Matter of Michael W.*, 266 AD2d 884, 884-885; *see Matter of Leo UU.*, 288 AD2d 711, 713, *lv denied* 97 NY2d 609), and it is clear from the record "that [the father's] decision to admit to the allegations of permanent neglect was a matter of strategy" (*Matter of Yusef P.*, 298 AD2d 968, 969; *see Matter of Brandon B. [Scott B.]*, 93 AD3d 1212, 1213, *lv denied* 19 NY3d 805).

Finally, we reject the father's contention that the court should have entered a suspended judgment rather than terminating his parental rights. In light of "the positive living situation" of the children while residing with their foster parents, "the absence of a more significant relationship" between the children and the father, "and the uncertainty surrounding both when [the father] would be released from prison and where he would reside," the court properly determined that further delay was not in the best interests of the children and that termination of the father's parental rights was warranted (*Matter of Jazmyne II. [Frank MM.]*, 144 AD3d 1459, 1461, *lv denied* ___ NY3d ___ [Mar. 23, 2017]; *see Matter of Bayley W. [Patrick K.]*, 146 AD3d 1097, 1101).

Entered: May 5, 2017                           Frances E. Cafarell
                                               Clerk of the Court