■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERACLIDES ROSARIO, Appellant. [636 NYS2d 1007] —Judgment, Supreme Court, Bronx County (Joseph Fisch, J.), rendered June 21, 1993, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

The challenged questions that the prosecutor posed to defendant on cross-examination were proper. The court exercised its discretion appropriately in allowing them. The prosecutor "adequately demonstrated [her] good faith and possessed a sufficient basis for asking the challenged question[s]" (*People v Kass*, 25 NY2d 123, 126).

The objected-to portions of the prosecutor's summation were fair comment on the evidence and responsive to defense counsel's summation (*People v Galloway*, 54 NY2d 396). Concur—Ellerin, J. P., Rubin, Nardelli, Tom and Mazzarelli, JJ.

■ NICHOLAS GALANTE et al., Respondents, v BMW FINANCIAL SERVICES NORTH AMERICA, INC., et al., Appellants. [636 NYS2d 58] —Order, Supreme Court, New York County (Barbara Kapnick, J.), entered May 11, 1995, which, *inter alia*, granted plaintiffs' motion for partial summary judgment on the issue of liability, unanimously affirmed, with costs.

In response to plaintiffs' prima facie showing that defendants were liable as the result of a rear-end automobile collision which occurred after both vehicles had first stopped at a stop sign at a parkway entrance ramp and then proceeded several feet (*see, Abramowicz v Roberto*, 220 AD2d 374), defendants failed to provide an adequate nonnegligent explanation of their conduct. Defendant driver's failure to anticipate and react to the slow and cautious movement of plaintiff's vehicle, which rendered defendant unable to move his vehicle into the parkway lane as planned, precludes application of the emergency doctrine (*see, Mead v Marino*, 205 AD2d 669; *cf., Cohen v Masten*, 203 AD2d 774, *lv denied* 84 NY2d 809; *DeCosmo v Hulse*, 204 AD2d 953; *Suitor v Boivin*, 219 AD2d 799).

We have considered defendants' other arguments and find them to be without merit. Concur—Ellerin, J. P., Rubin, Nardelli, Tom and Mazzarelli, JJ.