■ JANETTE DILLER, Appellant, v CITY OF NEW YORK POLICE DEPARTMENT et al., Respondents. [701 NYS2d 432] —Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered on or about September 21, 1998, denying plaintiff's motion for partial summary judgment on the issue of liability, unanimously reversed, on the law, without costs, the motion granted, and the matter remanded for further proceedings.

This negligence action arises out of a vehicular accident occurring on September 6, 1995 on Avenue of the Americas and West 16th Street in Manhattan. Plaintiff Janette Diller alleges

that she suffered injuries as a result of the collision. While plaintiff's Jeep was stopped during rush hour traffic, it was struck in the rear by a police car driven by defendant Officer Brigid Sullivan. The police car's emergency lights were off, and there is no indication that it was responding to any emergency.

Diller testified that she was stopped for several seconds (possibly up to a minute) behind three or four cars at a red light before the accident. The "stop-and-go" traffic was slow-moving, about 10 miles per hour. Sullivan did not notice whether the light at the intersection up ahead was red at the time of the impact, nor whether the cars in front of Diller were moving. The officer claims that the collision occurred because plaintiff came to a sudden and unexpected stop, though this allegation is not mentioned in the contemporaneous police report of the incident. In her deposition, Sullivan admitted that she looked away to the right while traffic was moving, and then turned her attention back to the road, only to run into plaintiff's stopped car. The officer also admitted that cars ahead of her vehicle could be expected to brake often due to rush hour traffic.

The trial court found issues of fact concerning how long plaintiff was stopped and whether this was due to traffic or a red light. Whether the car was stopped because of a red light or congestion is not a material issue such as would preclude summary judgment on liability.

As a matter of law, a rear-end collision with a stopped car establishes a prima facie case of negligence on the part of the driver of the rear vehicle (*Johnson v Phillips*, 261 AD2d 269). Evidence that plaintiff's lead vehicle was forced to stop suddenly in heavy traffic does not amount to proof that plaintiff was in any way at fault for the accident (*Mascitti v Greene*, 250 AD2d 821, 822). As it can easily be anticipated that cars up ahead will make frequent stops in rush hour traffic, "[d]efendant driver's failure to anticipate and react to the slow and cautious movement of plaintiff's vehicle" is not an adequate, non-negligent explanation for the accident (*Galante v BMW Fin. Servs.*, 223 AD2d 421). Rather, Sullivan clearly fell below the appropriate standard of care when she looked away from the road while traffic was moving, which then rendered her unable to react quickly enough when Diller's car came to a stop (*Andre v Pomeroy*, 35 NY2d 361, 365). Concur—Rosenberger, J. P., Mazzarelli, Wallach and Saxe, JJ.