■ DAWN M. WEBBER, Appellant, v ELAINE BLEILER, Respondent. [705 NYS2d 473] —Order unanimously reversed on the law with costs and motion granted. Memorandum: Plaintiff commenced this action to recover damages for personal injuries sustained when the vehicle she was driving was struck from behind by a vehicle driven and owned by defendant. As limited by her brief, plaintiff appeals from an order denying her motion for summary judgment on the issue of liability. Plaintiff's motion should have been granted. Plaintiff met her burden of establishing that she was not negligent or that her negligence, if any, was not a proximate cause of the accident. Defendant failed to sustain her countervailing burden of demonstrating a triable question of fact on those issues. Concerning defendant's negligence, it is well established that proof of a rear-end collision with a stopped vehicle makes out a prima facie case of negligence on the part of the driver of the rear vehicle (*see, Diller v City of New York Police Dept.,* 269 AD2d 143; *Baron v Murray,* 268 AD2d 495), and imposes a duty of explanation with respect to the operation of that vehicle (*see, Levine v*

*Taylor,* 268 AD2d 566, citing *Pfaffenbach v White Plains Express Corp.,* 17 NY2d 132, 135). Here, defendant failed to proffer a "nonnegligent explanation" or excuse for the accident (*Galante v BMW Fin. Servs.,* 223 AD2d 421; *see, Diller v City of New York Police Dept., supra*). As a matter of law, defendant breached her duty to maintain a safe distance between her vehicle and plaintiff's and to maintain an appropriate speed so as to enable herself to stop her vehicle before it struck plaintiff's vehicle. The misjudgment of defendant in believing initially that she could go around plaintiff's vehicle by passing on the shoulder to the right does not excuse defendant's failure to stop. (Appeal from Order of Supreme Court, Onondaga County, Stone, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Wisner, Scudder and Lawton, JJ.