| Jones v Grant |
|---|
| 2024 NY Slip Op 33647(U) |
| October 9, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 158940/2019 |
| Judge: James G. Clynes |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:     **HON. JAMES G. CLYNES**      PART          **22M**

*Justice*

-------------------------------------------------------------------------------X

ALICIA JONES, MAYA WIGGINS,

                     Plaintiff,

                 - v -

REGINALD GRANT, RYDER TRUCK RENTAL, INC.,
RYDER SYSTEM, INC., ACE JANITORIAL SUPPLY CO.
INC., ELVIS GONZALEZ, THE CITY OF NEW YORK, NEW
YORK CITY TRANSIT AUTHORITY, MANHATTAN AND
BRONX SURFACE TRANSIT OPERATING AUTHORITY,

                     Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 158940/2019 |
| MOTION DATE | 12/07/2023 |
| MOTION SEQ. NO. | 007 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 007) 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149

were read on this motion to/for            RENEW/REARGUE/RESETTLE/RECONSIDER .

Defendants Reginald Grant (Grant), Ryder Truck Rental Inc., Ryder System, Inc. (collectively, the Ryder Defendants), and Ace Janitorial Supply Co. Inc. (Ace) move for an order: (1) pursuant to CPLR 2221 (a), (d), (e ) and (f) granting renewal and reargument of the court's prior decision and order, dated November 6, 2023, and entered on November 8, 2023, (2) upon granting renewal and reargument, denying plaintiffs' motion, pursuant to CPLR 2211 and 3212, for renewal and for partial summary judgment, on the issue of liability against the moving defendants (Motion seq. no. 006); and (3) denying the motion pursuant to CPLR 3212, for summary judgment by co-defendant Elvis Gonzalez (Gonzalez), dismissing the complaint and all cross-claims (Motion seq. no. 005).

Plaintiffs seek recovery for personal injury allegedly sustained as a result of a January 27, 2019 motor vehicle accident at or near 408 Grand Street, west of Clinton Street, in New York County. Plaintiffs were passengers in Gonzalez's vehicle, which was rear-ended by a vehicle driven by Grant. Plaintiffs sued Gonzalez; Grant; the Ryder Defendants, owners of Grant's vehicle; Ace, Grant's employer, as well as the New York City Transit Authority and the Manhattan and Bronx Surface Transit Operating Authority.

The moving defendants seek an order granting renewal and reargument with

158940/2019   JONES, ALICIA vs. GRANT, REGINALD
Motion No. 007

Page 1 of 4

[* 1]

INDEX NO. 158940/2019

RECEIVED NYSCEF: 10/15/2024

respect to prior court orders. In Motion Sequence # 005, Gonzalez moved for summary judgment dismissing the complaint and cross-claims by arguing that Grant was solely negligent when his vehicle rear-ended Gonzalez's vehicle after Gonzalez stopped before a traffic light. In Motion Sequence # 006, plaintiffs moved for partial summary judgment on the issue of liability against the moving defendants by also arguing that Grant was solely negligent in causing the accident by rear-ending Gonzalez's vehicle after Gonzalez stopped at a traffic light.

The moving defendants contend that in opposing both motions, they relied on an affidavit from Grant which stated that Gonzalez stopped abruptly at the traffic light preventing Grant from stopping in a normal manner. This statement allegedly provided a non-negligent explanation for the rear-ending by Grant and a triable issue of fact. The affidavit also stated that a non-party driver named Aisha Batts had stopped abruptly in front of Gonzalez, causing an abrupt reaction from Gonzalez.

The court rejected the evidence because the affidavit was not signed and notarized. In the absence of any other evidence in opposition, the motions were granted. The moving defendants concede that the non-signed and non-notarized affidavit was mistakenly submitted at the time. However, they argue that a proper copy of this affidavit was previously submitted in opposition to an earlier motion for summary judgment brought by plaintiffs, which was denied as premature by this court. They contend that the proper copy has already been in the record. Alternatively, the moving defendants contend that the submission of the improper copy constituted a law office mistake and should be excused. They claim that since the affidavit was dismissed on a procedural ground, the motions should be reargued and renewed based on the meritorious argument raised by them, the issue of a non-negligent explanation for the collision.

Once, the motion for renewal and rearargument is granted, the moving defendants argue that the two prior motions should be denied because an issue of fact as to the cause of the collision has been raised and should be determined by a trier of fact.

In separate oppositions, Gonzalez and plaintiffs make similar arguments against the granting of the motion to renew and reargue. The arguments are that neither renewal or reargument is appropriate, that the moving defendants are trying to present new theories, that no non-negligent excuse was made because an abrupt stop is an insufficient rebuttal to a presumption of negligence, that the affidavit is not new evidence, and there was no justifiable excuse in failing to submit a proper copy. According to the opposition papers, the moving

158940/2019  JONES, ALICIA vs. GRANT, REGINALD
Motion No. 007

Page 2 of 4

defendants' lack of diligence in submitting the proper copy does not merit the granting of this motion.

In reply, the moving defendants defend their position that the failure to submit the proper copy, which is already part of the recorded information, is excusable. They contend that the affidavit, when admissible, is sufficient evidence to rebut the presumption of Grant's negligence and raises a triable issue of fact.

CPLR 2221 (d) provides that a motion for leave to reargue shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion. CPLR 2221 (e) provides that a motion for leave to renew shall be based on new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination.

The court shall deny the motion to renew. The affidavit does not constitute new evidence, as acknowledged by the moving defendants. As for the motion to reargue, this court properly applied the law by dismissing the affidavit. The affidavit copy submitted was not signed or notarized and was inadmissible evidence. The moving defendants argue that the affidavit in its proper form had been submitted as opposition evidence to plaintiffs' first motion for partial summary judgment (Motion Sequence #001), and therefore was part of the record. They contend that the court had overlooked this evidence in deciding plaintiffs' motion to renew. However, the affidavit in opposition to that motion was not considered in the prior decision to deny plaintiffs' motion. The court found that plaintiffs failed to make out summary judgment because their affidavits were inadequate and the motion was premature in the absence of completed discovery. Failure to make out a prima-facie showing of summary judgment requires a denial of the motion, regardless of the sufficiency of the opposition papers (*see Smalls v AJI Industries, Inc.*, 10 NY3d 733, 735 [2008]). Moreover, the improper copy of the affidavit was submitted in opposition to Gonzalez's separate motion for summary judgment, although both motions were decided simultaneously by the court.

Even if the Court were to consider Grant's affidavit, in which he averred that Goonzalez made a sudden stop, the Grant affidavit would not have changed the prior determinations on Motion Sequence Numbers 005 and 006. An allegation of a sudden stop standing alone is "insufficient to rebut the presumption of negligence" (*Bajrami v Twinkle Cab Corp.*, 147 AD3d

**158940/2019 JONES, ALICIA vs. GRANT, REGINALD**
**Motion No. 007**

Page 3 of 4

[* 3]

649, 649 [1st Dept. 2017] [claim that the lead vehicle stopped short was insufficient to raise an issue of fact as to the plaintiff's comparative negligence]; *Diller v City of NY Police Dept.*, 269 AD2d 143, 143 [1st Dept 2000] [defendant driver's failure to anticipate and react to the slow and cautious movement of a plaintiff's vehicle is not an adequate, non-negligent explanation for a rear-end collision accident]). "A driver is expected to drive at a sufficiently safe speed and to maintain enough distance between himself and cars ahead of him so as to avoid collisions with stopped vehicles" (*LaMasa v Bachman*, 56 AD3d 340, 340 [1st Dept. 2008]).

Defendants' motion is denied because neither reargument nor renewal is appropriate here. Accordingly, it is

ORDERED that defendants' motion for reargument and renewal is denied.

This constitutes the Decision and Order of the Court.

| 10/9/2024 | | | | |
|---|---|---|---|---|
| DATE | | | JAMES G. CLYNES, J.S.C. | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | X DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**158940/2019  JONES, ALICIA vs. GRANT, REGINALD**
**Motion No.  007**

**Page 4 of 4**

[* 4]