Goss-Lawson v Matco Serv. Corp. (2026 NY Slip Op 00471)

Goss-Lawson v Matco Serv. Corp.

2026 NY Slip Op 00471

Decided on February 03, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 03, 2026

Before: Webber, J.P., Kennedy, Mendez, Rodriguez, Michael, JJ. 

Index No. 810914/24|Appeal No. 5730|Case No. 2025-03702|

[*1]Regina Goss-Lawson, Plaintiff-Appellant,
vMatco Service Corporation and "John Doe" (fictitious and unknown name intending to represent the operator of truck), Defendant-Respondent.

Levy & Borukh, PLLC, Ozone Park (David S. Levy of counsel), for appellant.
Ahmuty, Demers & McManus, Albertson (Nicholas P. Colabria of counsel), for respondent.

Order, Supreme Court, Bronx County (Raymond P. Fernandez, J.), entered June 5, 2025, which denied plaintiff's motion for summary judgment on the issue of liability, unanimously reversed, on the law, without costs, and the motion granted.
Plaintiff established prima face entitlement to summary judgment on the issue of liability through her affidavit in which she averred that she was in a line of traffic entering the highway and that the vehicle in front of her came to a complete stop. Plaintiff then slowed her vehicle down to a complete stop and it was then that her car was rear-ended by defendant's vehicle. A "rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the driver of the rear vehicle," and shifts the burden to defendants "to come forward with an adequate nonnegligent explanation for the accident" (Cabrera v Rodriguez, 72 AD3d 553, 553 [1st Dept 2010]; see Baez-Pena v MM Truck & Body Repair, Inc., 151 AD3d 473, 476 [1st Dept 2017]; Cruz v Lise, 123 AD3d 514, 514 [1st Dept 2014]). Defendant driver's affidavit asserting that plaintiff's car had come to an "abrupt and unexpected stop for no apparent reason," standing alone, was insufficient to rebut the presumption of negligence (see Giap v Hathi Son Pham, 159 AD3d 484, 485 [1st Dept 2018]; Cruz, 123 AD3d at 514; see also Renteria v Simakov, 109 AD3d 749, 750 [1st Dept 2013]; Diller v City of N.Y. Police Dept., 269 AD2d 143, 144 [1st Dept 2000];Vehicle and Traffic Law § 1129 [a]). Indeed, a "driver's failure to anticipate and react to the slow and cautious movement of plaintiff's vehicle is not an adequate, non-negligent [sic] explanation for the accident" (Diller, 269 AD2d at 144, quoting Galante v BMW Fin. Servs. N. Am., 223 AD2d 421, 421 [1st Dept 1996]).
Moreover, plaintiff was not required to disprove comparative fault to prevail on her motion for summary judgment (see Rodriguez v City of New York, 31 NY3d 312, 324-325 [2018]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 3, 2026